## TOMLINSON v. TOMLINSON.

Circuit Court, Dade County.

August 9, 1955.

Norman S. Pallot, Miami, for plaintiff.

VINCENT C. GIBLIN, Circuit Judge.

Frequently in matrimonial litigation such as this the court, because it lacks adequate investigative facilities, needs the assistance of a disinterested officer or agent who can procure and supply information and evidence which will be of benefit and value to the court in its determination of important issues and matters involved in suits of this character. A suit for divorce is not merely a controversy between private parties. The state, in behalf of society generally, is interested as an adverse party in every divorce suit; and in such a case, even if a decree pro confesso had been entered against the defendant for failure to appear and defend, the court's duty is to proceed with the same formality as if the defendant were present and maintaining the keenest opposition. A decree pro confesso entered against a defendant in a divorce suit has no substantial effect other than to privilege the plaintiff to prosecute the suit without further notice to the defendant.

The defendant wife in this cause is a resident of Connecticut; and the parties have two young sons, one of whom is six and the other three years of age, both of whom are in the custody of the defendant wife. Furthermore, the plaintiff husband's charges that the defendant wife was extremely cruel to him is based on her alleged conduct while the parties lived together as husband and wife in Connecticut.

In the circumstances the court needs and desires the assistance of an amicus curiae; and Fred Botts, Esq., a reputable and capable attorney and an officer of this court, is appointed to act in that capacity and the court requests that he conduct such investigation and take such action as will enable him to procure and present to the court such pertinent and material information and evidence as shall be available and which should be considered by the court in determining all issues and matters involved in the cause.

The attention of the amicus curiae is directed to the file and the proceedings in that certain chancery cause numbered 178510 (pending in this court), wherein Leone R. Tomlinson (the defendant in this suit) is the plaintiff and Edward B. Tomlinson (the plaintiff in this suit) is the defendant and wherein the wife has invoked the provisions of the Uniform Support of Dependents Act for the purpose of requiring the husband to provide funds for the support and maintenance of the mentioned children. The amicus curiae will please particularly note the testimony of the wife (given before the court of common pleas of Fairfield County, Connecticut, and a transcript of which is in the mentioned file) that the husband deserted her "and went to Florida with another woman" and that his last contribution for the support and maintenance of the children was made in March, 1954, when he mailed ten dollars to the children.

The cause will not be set for final hearing before the court except on the plaintiff's motion or application and after a hearing of such motion or application, notice of which shall be given the amicus curiae.